1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   MARLON PUCKETT,                )     No. C 01-20018 JW (PR)
                                   )
9           Petitioner,            )     ORDER DENYING PETITION FOR
                                   )     A WRIT OF HABEAS CORPUS
10      vs.                        )
                                   )
11   ANTHONY NEWLAND, Warden,      )
                                   )
12          Respondent.            )
                                   )
13   _____  )

14

15       Petitioner, a California prisoner proceeding pro so, seeks a writ of habeas corpus

16   under 28 U.S.C. § 2254.  Petitioner was granted leave to file an amended petition, which

17   he filed on April 14, 2004.  After reviewing the amended petition, the Court dismissed

18   one of the claims as not cognizable, and ordered respondent to show cause why a writ of

19   habeas corpus should not be granted based on petitioner's eight other claims.  Respondent

20   has filed an answer, along with a supporting memorandum and exhibits.  Petitioner did

21   not file a traverse.

22                              **BACKGROUND**

23       In 1996, a jury in San Mateo County found petitioner guilty of two counts of first

24   degree burglary, and found allegations that petitioner had suffered three prior "strike"

25   convictions and served six prior prison terms to be true.  Thereafter, the trial court

26   sentenced petitioner to a term of 65 years to life in state prison under California's "Three

27

28   Order Denying Petition for a Writ of Habeas Corpus
     G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

Strikes" law.  The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied review.  Petitioner's subsequent petitions for a writ of habeas corpus filed in the state courts were unsuccessful.

The California Court of Appeal set forth the following summary of the evidence adduced at trial:

> The jury found that Puckett had entered the home of Victor Hill and pried the screens from the windows of Patrisha Scott's apartment with the intention in each case of committing a felony inside the dwelling.  Hill testified that he had surprised Puckett and his companion when they came into Hill's kitchen from the adjoining garage.  Hill grabbed a hammer and chased the men back into the garage, where they remained trapped, allowing Hill to watch them through a window from outside.  Eventually, while Hill waited by the front door of the garage, the men escaped out a side door.  Hill picked Puckett out of two separate lineups within a week after the burglary.  At trial, he testified, "[I recognized t]he grayness in the beard, . . . the thinness in the cheeks . . . . He was the same person."  During a consensual search of Puckett's father's house, police found a broken weed eater, identical to one Hill had noticed missing from his garage, in a bedroom clothes closet.
>
> Alma Lopez testified that, from the second-story window of her duplex apartment, she had seen a man she did not recognize attempting to pry open the window to Scott's apartment next door.  She called the police, who found Puckett on the scene.  When they asked his name, Puckett told them it was Marlon Johnson.  Police brought Lopez outside, and she identified him as the man she had seen in her neighbor's patio trying to pry open the windows.  Lopez said she recognized both his clothing and his face.

(Resp. Ex. 7 at 2.)

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                    2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]  Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

 "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

Even if the state court decision was either contrary to or an unreasonable application of clearly established federal law, within the meaning of AEDPA, habeas relief is still only warranted if the constitutional error at issue had a "'substantial and

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                   3

1    injurious effect or influence in determining the jury's verdict.'"  <u>Penry v. Johnson</u>, 532

2    U.S. 782, 796 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993)).

3          Lastly, a federal habeas court may grant the writ it if concludes that the state

4    court's adjudication of the claim "resulted in a decision that was based on an

5    unreasonable determination of the facts in light of the evidence presented in the State

6    court proceeding." 28 U.S.C. § 2254(d)(2).  The court must presume correct any

7    determination of a factual issue made by a state court unless the petitioner rebuts the

8    presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

9    B.    <u>Claims and Analysis</u>

10          1.    <u>Admission of Evidence</u>

11          Petitioner claims that the trial court violated his right to due process by admitting

12   evidence that he used crack cocaine as relevant to show his motive for committing the

13   burglaries.  The due process inquiry on federal habeas review is whether the admission of

14   evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair.

15   <u>Romano v. Oklahoma</u>, 512 U.S. 1, 12-13 (1994).  Only if there are no permissible

16   inferences that the jury may draw from the evidence can its admission violate due

17   process.  <u>Jammal v. Van de Kamp</u>, 926 F.2d 918, 920 (9th Cir. 1991).

18          The California Court of Appeal found the admission of the evidence did not

19   violate petitioner's federal right to due process,[1] as follows:

20                At trial, the prosecutor was permitted to present evidence that
     Puckett used crack cocaine.  The evidence was relevant, she explained, to
21   show Puckett's motive for burglary.  With the court's permission, an expert
     described to the jury at some length how, on the streets of East Palo Alto,
22   stolen property of all descriptions was traded for crack.
                . . .
23                Puckett [] contends that the admission of the contested evidence
     violated his federal constitutional right to due process and was not harmless
24   beyond a reasonable doubt. (See *Chapman v. California* (1967) 386 U.S.

25   ─────────────────────

26          [1]The Court of Appeal found a state law error, but that such error was
     harmless because of the strength of the other evidence against petitioner.  (Resp. Ex.
27   7 at 2-3.)

28   Order Denying Petition for a Writ of Habeas Corpus
     G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd          4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

18, 24.)   We reject this claim.

> The case Puckett cites to support his theory, *McKinney v. Rees* (9th Cir. 1993) 993 F.2d 1378, holds that "'[o]nly if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process.'" (*Id.*, at p. 1384, original italics, quoting *Jammal v. Van de Kamp* (9th Cir. 1991) 926 F.2d 918, 920.)   In that case, the court concluded the other act evidence was probative only of character, and was thus irrelevant to any legitimate issue.   By contrast, the evidence in this case is probative of motive; it is excluded because of its sever prejudicial effect. (*People v. Cardenas, supra*, 31 Cal.3d at p. 906-07; *People v. Bartlett* (1967) 256 Cal.App.2d 787, 794 [evidence excluded because its "probative value to show motive [is] far outweighed by its tendency to incite a jury to resolve the issue of guilt or innocence on [evidence of] character rather than on proof of the essential elements of the crime."].)   Because the evidence of Puckett's use of narcotics gave rise to a "permissible inference," its admission did not deprive him of due process.   Moreover, we note that our Supreme Court has consistently measured the prejudicial effect of this type of error under the *Watson* standard.

(Resp. Ex. 7 at 2-4.)

As described above, the standard from <u>Jammal</u>, applied by the California Court of Appeal to evaluate petitioner's claim, is the correct federal standard for evaluating whether the admission of evidence violates due process.   As a result, the California Court of Appeal's decision was not "contrary to" federal law within the meaning of § 2254(d)(1).   <u>See</u> <u>Williams</u>, 529 U.S. at 412-13.   The Court of Appeal's denial of petitioner's claim was also "objectively reasonable" within the meaning of § 2254(d)(1). As explained by the Court of Appeal, there was a "permissible inference" that could be drawn from the evidence of petitioner's crack cocaine use, namely that it supplied the motive for his burglaries.   The Ninth Circuit has held that a defendant's drug use was admissible to show the defendant's motive in committing robbery.   <u>See</u> <u>United States v. Miranda</u>, 986 F.2d 1283, 1285 (9th Cir. 1993).   As the jury could draw a "permissible inference" from the evidence, its admission did not violated petitioner's right to due process.

Furthermore, even if the admission of the evidence of petitioner's drug use did violate due process, any such error was harmless in this case.   As discussed above, habeas relief is available only if the error had a substantial and injurious effect on the verdict.

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                    5

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Brecht</u>, 507 U.S. at 637.  As the state court described, even absent the crack cocaine evidence, petitioner was very likely to have been convicted.  There were eyewitnesses to both burglaries who positively identified Puckett as the burglar, both in person and in photographs, within a short time of the burglaries.  An item stolen from Hill was found in petitioner's father's house.  The police found petitioner leaving the alleyway where the window screens had been removed from the Scott residence shortly after the burglary had been reported.  Not only was there strong evidence of petitioner's guilt, the trial court instructed the jury that the drug evidence was limited to explaining petitioner's motive, and could not be used as evidence of his bad character; such instructions ameliorated any potential prejudice from the evidence.  Under these circumstances, even if admission of the crack cocaine evidence had been constitutional error, such error was harmless.

Accordingly, petitioner is not entitled to habeas relief on this claim.

2.    <u>Sufficiency of Evidence of Prior Convictions</u>

Petitioner claims that there was insufficient evidence to prove his prior convictions beyond a reasonable doubt.  As set forth above, in order to warrant habeas relief under § 2254(d)(1), the state court decision must have been contrary to or an unreasonable application of a holding of the United States Supreme Court in existence at the time of the decision.  <u>See Williams</u>, 529 U.S. at 412.  Petitioner cites no Supreme Court holding, and this Court is aware of none, that the constitution requires a state to prove a prior conviction enhancement beyond a reasonable doubt.  Indeed, in <u>Dretke v. Haley</u>, the Supreme Court stated that it has not ever imposed such a requirement: "We have not extended <u>[In re] Winship</u>'s[2] protections [of proof beyond a reasonable doubt] to proof of prior convictions used to support recidivist enhancements." 541 U.S. 386, 395 (2004).  In the absence of Supreme Court authority requiring proof of prior convictions beyond a reasonable doubt, petitioner is not entitled to habeas relief his claim that there was

_____

[2]397 U.S. 358 (1970).

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                6

1    insufficient evidence to prove his prior convictions.

2          The Court notes, in any event, that there was ample evidence of his prior

3    convictions.  "Evidence of the prior conviction is sufficient if, viewing the evidence in the

4    light most favorable to the prosecution, any rational trier of fact could have found the fact

5    of the prior conviction beyond a reasonable doubt."  United States v. Okafor,

6    285 F.3d 842, 847-48 (9th Cir. 2002).  Petitioner was charged with having three prior

7    residential burglary convictions.  Abstracts of judgment and verdict forms showed two

8    such convictions, from 1985 and 1991, and a preliminary hearing transcript and certified

9    prison records showed such a conviction from 1982.  In addition, a photograph and

10   fingerprints of petitioner were introduced to prove that he was the person who suffered

11   the prior convictions.  Petitioner does not explain how such evidence was wanting, if at

12   all.  Consequently, there was sufficient evidence for a rational trier of fact to find beyond

13   a reasonable doubt that petitioner had three prior residential burglary convictions.  See,

14   e.g., id. at 847-48 (prior conviction adequately established by evidence that included a

15   certified copy of the conviction of a person with the same unusual name, on which the

16   birthdate matched that on defendant's passport and state identification card, and on which

17   the social security number matched the one on defendant's social security card, as well as

18   testimony by the agent that defendant admitted a prior narcotics arrest and that he had a

19   probation officer).

20         Accordingly, habeas relief is not warranted on this claim.

21         3.    Sentence

22               a.    Cruel and unusual punishment

23         Petitioner claims his sentence of 65 years to life violates his Eighth Amendment

24   right to be free from cruel and unusual punishment.  In Lockyer v. Andrade, 538 U.S. 63

25   (2003), the Supreme Court rejected the contention that Supreme Court case law in this

26   area was of sufficient clarity to constitute "clearly established" federal law within the

27

28   Order Denying Petition for a Writ of Habeas Corpus
     G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd          7

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

meaning of 28 U.S.C. § 2254(d), with the exception of "one governing legal principle," specifically: "A gross disproportionality principle is applicable to sentences for terms of years." See id. at 72.  The Supreme Court further noted that the precise contours of that principle are "unclear" and "applicable only in the 'exceedingly rare' and 'extreme' case." See id. at 73 (citation omitted).

In Andrade, the petitioner was accused of stealing a total of $153 worth of videotapes from two different stores. See id. at 66.  The jury found the petitioner guilty of two counts of petty theft with a prior conviction and further found the petitioner had suffered three prior felony convictions that qualified under California's "three strikes" law, specifically, three counts of first degree residential burglary. See id. at 68.  The Supreme Court, observing that "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," held the California Court of Appeal's affirmance of the petitioner's sentence of two consecutive terms of 25 years to life was not an unreasonable application of clearly established federal law. See id. at 77.

In Ewing v. California, 538 U.S. 11 (2003), the petitioner was accused of stealing three golf clubs, priced at $399 each; he was convicted of one count of felony grand theft, and allegations that he had been convicted previously of four felonies qualifying under California's three strikes law, specifically, one robbery and three burglaries, were found true. See id. at 18-19.  The Supreme Court affirmed the California Court of Appeal's holding that a sentence of 25 years to life under such circumstances was not grossly disproportionate and thus did not constitute cruel and unusual punishment under the Eighth Amendment.  538 U.S. 11, 30-31 (2003).  Looking beyond the petitioner's most recent offense, Justice O'Connor's plurality opinion observed:

> When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime.  Nothing in the Eighth Amendment prohibits California from making that choice.  To the contrary, our cases establish that "States have a valid interest in deterring and segregating habitual criminals". [citations omitted]

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd

8

United States District Court
For the Northern District of California

Id. at 25.

In light of the reasoning set forth in Ewing and Andrade, petitioner's sentence of 65 years to life is not grossly disproportionate to the crimes for which he stands convicted.  The sentences in both Ewing and Andrade were life sentences like petitioner's, although petitioner's sentence, insofar as he will not become eligible for longer (65 years) than Andrade (50 years) or Ewing (25 years), is harsher.  Petitioner's crimes, however, were considerably more serious than the shoplifting offenses at issue Ewing and Andrade.  Petitioner committed two separate residential burglaries, approximately a week apart, and in one of them the resident was home and had to chase petitioner away with a hammer.  Moreover, as noted, a court may properly consider a petitioner's criminal history in determining the proportionality of a sentence under the Eighth Amendment.  See, e.g., Ewing, 538 U.S. at 29 ("[W]e must place on the scales not only [the petitioner's] current felony, but also his long history of felony recidivism.").  Petitioner's criminal history is significantly more serious than that of the petitioners in Ewing and Andrade.  Petitioner had sustained three prior serious felony "strike" convictions for residential burglary, in two of which the victims were at home at the time of the burglary.  In addition, petitioner's probation report indicated that he had four other prior felony convictions, including two more for residential burglary, one for possession of a concealed firearm, and one for receiving stolen property.  Petitioner had also violated his parole, and had served six different terms in state prison.  Petitioner's propensity to reoffend, and in particular to continue burglarize residences, is apparent from this criminal history.

Petitioner's circumstances are readily distinguishable from those presented in Ramirez v. Castro, 365 F.3d 755 (9th Cir. 2004), in which the Ninth Circuit Court of Appeals held a sentence of 26 years to life for one count of petty theft was grossly disproportionate.  See id. at 768.  There, the petitioner's prior criminal history "[was]

United States District Court

For the Northern District of California

1  comprised solely of two 1991 convictions for second-degree robbery obtained through a

2  guilty plea, for which his total sentence was one year in county jail and three years of

3  probation," and the prior offenses were "more accurately described as 'confrontation

4  petty theft.'"  Id.  As noted, petitioner here had a much more serious and extensive

5  criminal history -- seven prior felony convictions, in addition to parole violations.  His

6  prior convictions involved repeatedly breaking into homes, in some cases while people

7  were at home, and led to terms in state prison.  Unlike the petitioner in Ramirez,

8  petitioner does not present the "extremely rare case that gives rise to an inference of

9  disproportionality."  See id. at 770.

10  Accordingly, the California Court of Appeal's determination that petitioner's

11  sentence was not grossly disproportionate to his crime was not an unreasonable

12  application of or contrary to clearly established federal law within the meaning of 28

13  U.S.C. § 2254(d)(1).  Petitioner is not entitled to habeas relief on this claim.

14  b.  Vagueness

15  Petitioner claims that his sentence in unconstitutional because California's "Three

16  Strikes" law is vague.  To avoid constitutional vagueness, a state criminal statute must (1)

17  define the offense with sufficient definiteness that ordinary people can understand what

18  conduct is prohibited; and (2) establish standards to permit police to enforce the law in a

19  non-arbitrary, non-discriminatory manner.  See Vlasak v. Superior Court of California,

20  329 F.3d 683, 688-90 (9th Cir. 2003) (rejecting vagueness challenge because Supreme

21  Court has rejected vagueness challenges to statutes and court orders that contain same, or

22  similar, terms and, taken as a whole, ordinance defines "'the criminal offense with

23  sufficient definiteness that ordinary people can understand what conduct is prohibited and

24  in a manner that does not encourage arbitrary and discriminatory enforcement'") (quoting

25  Kolender v. Lawson, 461 U.S. 352, 357 (1983)).

26  California's Three Strikes law, Cal. Pen. Code § 1170.12(c) in particular, as added

27

28  Order Denying Petition for a Writ of Habeas Corpus
    G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                    10

by Proposition 184 in 1994, provides in relevant part:

> (c)(2)(A) If a defendant has two or more prior felony convictions, as defined in paragraph (1) of subdivision (b), that have been pled and proved, the term from the current felony conviction shall be an indeterminate term of life imprisonment.

Subdivision (b) of Cal. Pen. Code § 1170.12, referenced above, provides in relevant part:

> a prior conviction of a felony shall be defined as: (1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of this section, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.

At the time petitioner committed the offenses, in 1996, residential burglary was listed as a "serious" felony under Cal. Penal Code § 1192.7(c)(18), and petitioner had three prior convictions for residential burglary. Any ordinary person could understand from the language quoted above from Cal. Pen. Code § 1170.12(b)(1) that any felonies listed in Cal. Penal Code § 1192.7(c) qualify as "strikes" under the Three Strikes law. Consequently, an ordinary person in petitioner's shoes would understand, and would thus be on notice, that in 1996, when he committed the charged offenses, that he had at least three prior felony convictions that qualified as "strikes" under the Three Strikes law. To the extent § 1170.12(b)(1) stated, in part, that the determination of whether it was a strike would "be made upon the date of that prior conviction" does not render ambiguous the statute's clearly providing that petitioner's prior residential burglary convictions qualified as "strikes" within the meaning of the Three Strikes law.

Accordingly, the state court's denial of petitioner's vagueness claim was neither contrary to nor an unreasonable application of federal law, and habeas relief is not warranted on this claim.

> 4.   Sufficiency of the Evidence

Petitioner claims there was insufficient evidence to support the convictions for the

United States District Court

For the Northern District of California

1  two charged residential burglaries of Hill and Scott.[3]  The California Supreme Court

2  rejected these claims with a citation to In re Lindley, 29 Cal. 2d 109 (1947), which

3  provides that sufficiency of the evidence claims cannot be raised in a state habeas

4  petition.  The Ninth Circuit has recognized and applied the rule from Lindley as grounds

5  for denying, under the doctrine of procedural default, federal habeas claims that the

6  petitioner's conviction is not supported by sufficient evidence.  Carter v. Giurbino, 385

7  F.3d 1194, 1197-98 (9th Cir. 2004) (finding procedural rule from Lindley constitutes an

8  independent and adequate state ground barring federal habeas review).  Because

9  petitioner raised his sufficiency of the evidence claims in his state habeas petition, and the

10  claims were rejected by the California Supreme Court with a citation to Lindley, the

11  claims are procedurally defaulted from federal habeas review.[4]  See id.  Although a

12  petitioner may avoid procedural default by showing the requisite "cause and prejudice,"

13  see id., petitioner here has made no such showing, or even an effort to do so.

14       5.       Disclosure of Discovery Material

15       Petitioner claims the prosecution withheld exculpatory evidence by failing to turn

16  over the arrest, convictions, and probation and prison files of Tony Griffin.  Under Brady

17  v. Maryland, 373 U.S. 83 (1963), the prosecution must surrender to the defendant

18  favorable evidence that is "material either to guilt or to punishment."  Id. at 87.  Evidence

19  is material "if there is a reasonable probability that, had the evidence been disclosed to the

20  defense, the result of the proceeding would have been different.  A 'reasonable

21  probability' is a probability sufficient to undermine confidence in the outcome."  United

22  States v. Bagley, 473 U.S. 667, 682 (1985).  "There are three components of a true Brady

23  _____

24       [3]These are the sixth and seventh claims in the petition.

25       [4]In section B.1, above, the Court explained that the evidence of petitioner's
    guilt was too strong for him to have been prejudiced the admission of the cocaine
26  evidence.  For the same reasons, the Court finds there was more than sufficient
    evidence for a rational trier of fact to find him guilty beyond a reasonable doubt of
27  both residential burglary charges.

28  Order Denying Petition for a Writ of Habeas Corpus
    G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd                    12

United States District Court

For the Northern District of California

1   violation: [t]he evidence at issue must be favorable to the accused, either because it is

2   exculpatory, or because it is impeaching; that evidence must have been suppressed by the

3   State, either willfully or inadvertently; and prejudice must have ensued." <u>Strickler v.</u>

4   <u>Greene</u>, 527 U.S. 263, 281-82 (1999).

5       Petitioner's brother and father testified that they bought the weed eater from

6   Griffin three years earlier when he came to their door offering to sell it.  In addition, at a

7   pretrial hearing, petitioner's mother indicated that she believed Griffin was the perpetrator

8   of the crimes.[5]  Griffin was not a witness at trial, however, and as a result the evidence of

9   his criminal and prison records could not have been used to impeach him.  Petitioner does

10  not explain how the evidence was otherwise material.  In addition, a defendant cannot

11  claim a <u>Brady</u> violation if he was "aware of the essential facts enabling him to take

12  advantage of any exculpatory evidence." <u>United States v. Shaffer</u>, 789 F.2d 682, 690 (9th

13  Cir. 1986).  As petitioner's mother indicated prior to trial that she believed Tony Griffin

14  was the perpetrator, the defense was clearly aware of sufficient facts to investigate and

15  obtain Griffin's criminal or prison records.  Petitioner does not offer any reason the

16  defense could not have obtained such records on its own.

17      Finally, petitioner cannot demonstrate any prejudice from not receiving the

18  evidence.  For the reasons discussed above, the evidence against petitioner, including two

19  eyewitness identifications, stolen goods at his father's house, and petitioner's getting

20  caught at the scene of one of the burglaries, was very strong.  As Griffin was not a

21  witness, and did not offer any evidence against petitioner at trial, impeachment evidence

22  against Griffin would not have helped mitigate against such evidence.  Consequently,

23  there is no reasonable probability that the materials regarding Griffin would have

24  produced a different outcome at trial.

25      Accordingly, the state court's rejection of petitioner's <u>Brady</u> claim is neither

26

27  [5]She did not so testify at trial.

28  Order Denying Petition for a Writ of Habeas Corpus
    G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd            13

contrary to nor an unreasonable application of federal law, and petitioner is not entitled to relief based thereon.

### 6.   Ineffective Assistance of Appellate Counsel

Petitioner claims he received ineffective assistance of counsel because counsel did not raise the claims discussed above concerning his sentence, the sufficiency of the evidence to prove his prior convictions and the charges against him, and the prosecution's failure to turn over discovery material. The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal. Evitts v. Lucey, 469 U.S. 387 (1985).  In evaluating such a claim, the federal court applies the standard set forth in Strickland.  Smith v. Robbins, 528 U.S. 259, 285 (2000).  In the instant case, appellate counsel raised the Due Process claim petitioner raises herein with respect to the admission of evidence of petitioner's drug use.  Although appellate counsel did not raise the other claims petitioner raises herein, those claims, as explained above, are without merit.  An appellate lawyer's failure to raise a meritless claim is neither unreasonable nor prejudicial.  Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989) (noting that one of "hallmarks of effective appellate advocacy" is weeding out weaker issues); see also Jones v. Barnes, 463 U.S. 745, 751 (1983) (holding appellate counsel has no duty to raise every nonfrivolous claim requested by appellant). Accordingly, petitioner did not receive ineffective assistance of appellate counsel nor was he prejudiced by the manner in which his appeal was conducted.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

DATED: _____November 16, 2007_____

_James Ware_

JAMES WARE
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.01\Puckett20018_deny.wpd

14

*United States District Court*
*For the Northern District of California*